IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARAPP & WEISS, LLP | * | |
| v. | * | Civil No. JFM-11-1116 |
| SARBABI MASINDET | * | |

\*\*\*\*\*

MEMORANDUM

Defendant's Sarbabi Masindet and Southeast Cardiology, Inc., have sought to remove this action from the Circuit Court for Montgomery County, Maryland. Plaintiff has filed a motion to remand. The motion will be granted.

The notice of removal was filed by both defendants. However, Dr. Masindet was the only person who signed the notice of removal, "Personally and as Authorized Representative of Southeast Cardiology, Inc." Local Rule 101.a is clear that corporations must represented by counsel. Therefore, the removal notice filed by Southeast Cardiology, Inc. was entirely without effect.[1]

Of course, pleadings filed by pro se plaintiffs must be liberally construed. *See Haines v. Kermer*, 404 U.S. 519, 520 (1972). Nevertheless, this court cannot exercise subject matter jurisdiction where it has none. Moreover, the rule of liberal construction generally is applied to assure that claims and defenses asserted by pro se litigants are addressed on the merits. Here, Masindet and Southeast Cardiology, Inc. can fully litigate their defenses in the Circuit Court for Montgomery County, Maryland, which is as equally qualified as this court to decide the issues

---

[1] I note that in an opinion I am issuing today in *Mayo v. Board of Education of Prince George's County, Maryland*, Civil No. 11-1052, I am holding that removal is effective even if all defendants do not file their own notices of removal or make other written notification to the court indicating their consent to the removal. This case, however, is different from *Mayo*. If I were to apply the rule of *Mayo* here, I would, in effect, be permitting Southeast Cardiology, Inc. to effect a removal in a pro se capacity.

presented.[2]

A separate order granting plaintiff's motion to remand is being entered herewith.


Date: July 7, 2011          /s/_____
                            J. Frederick Motz
                            United States District Judge

---

[2] Because I am granting plaintiff's motion for remand on the ground that I have stated, I need not reach plaintiff's additional argument that remand is required under the rule of *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456 (1939).